Your Honor, the second case on the docket is 2-19-0327 between the marriage of Sue Carstens, Petitioner Natalie and John Carstens, Respondent Kevin. Argument on behalf of the Respondent Kevin, Mr. David Drake. Argument on behalf of Petitioner Natalie, Mr. Joel S. Hurston. Are you both ready to proceed? Yes, Your Honor. And counsel, when you're ready. Thank you. Good morning, Justices. As you were aware, it's just announced that David Drake on behalf of the Appellant, John Carstens, is with me this morning. As Mr. Lewis, me and McConnell are co-counsel for the purposes of observing. This case was before the court on a prior appeal and it was remanded for the limited purpose of addressing a duration issue pursuant to Section 504 of the U of I. And you probably wonder, why is there a reversible error here? And the standard of review is abusive discretion. Which is a fairly high standard, isn't it? It is a very high standard. However, where there's an error of law and the court's decision is based upon the error of law, it can result in abusive discretion. Interesting argument. Where's the error of law here? The error of law is, if the judge's reasoning wasn't based on that error of law, I don't think it would be an abusive discretion. But here we've got it twice. We've got it where the judge talks about inter-related marriage of crop and he concludes, This court holds that the burden of showing change in Sue's needs for continued indefinite maintenance is squarely unburdened. And this is consistent with his pleadings in his presentation at the trial where he presented first. That wouldn't be so problematic. However, when he goes to apply this 504B11B Durational Guidelines, which says that you can deviate, but you have to give reasons for deviating. His reasons for deviating, one of the very reasons he gave for deviating was, Give me a second. He said a deviation is necessary because of the following factors. A, length of the marriage. One, length of the marriage is a little high. Two, Sue is out of work. If you go down to number seven, deviation is necessary because of the following factors. Burt has not shown a substantial change in the circumstances relative to Sue's need for indefinite maintenance. Again, this is a basis for deviating. So you're saying his reasons were wrong? I'm saying yes. That's an error of law. Well, hang on a second. What about the well-settled principle that in reviewing a decision of the lower court, we ultimately rule on the decision that the court made rather than how its reasoning in arriving at that decision? The decision to deviate, then, is premised on this error of law. Now, if we go through the factors that he lists, they're not really the basis for deviating. But the problem here is the burden of proof was placed on Burt, and basically we were supposed to prove a substantial change in circumstances twice. Well, let me just stop you there so we make sure we're on the same wavelength here on the law. Are you saying that the party seeking modification does not have the burden of establishing change in circumstances? Absolutely. But only one time. Okay. You don't need to just ---- I think I understand your argument. So let me ask you this. I think it's obvious. I think we have to concede your client proved a change, a substantial change in circumstances, warranting a reduction in his monthly maintenance, and that's what the court ruled, correct? I don't think the ruling was that limited. Well, but the court did lower, at some point, his monthly maintenance, correct, counsel? In the prior appeal, we addressed that issue. It was shown a substantial change in circumstances. Did the court lower his monthly maintenance? The court did. I take it you're not complaining about that argument. And we did not appeal that. Okay. The reason being ---- Why would you have appealed? He applied B-1-1-B or 1-A in determining the amount of the modification. Okay. But it was reduced. Do you agree on that? It was reduced. So my question then becomes ---- Under the guideline. It was actually reduced pursuant to the guideline, although he said the guideline didn't apply. How would the reduction, how would the substantial change in circumstances warranting a reduction in the monthly maintenance payments necessarily affect the duration of those payments? And that seems to be your argument, he proved a substantial change in circumstances. Let me take a step back. Absolutely. Let me take a step back. 510 requires a substantial change in circumstances to warrant a modification. In fact, it specifically says ---- Sorry. There we go. 510A tells us that it can only modify it going forward after ---- Okay. And then 510A-5, an order for maintenance may be modified or terminated only upon a showing of substantial change in circumstances. Once the court finds a substantial change in circumstances, it's directed back to 504A. So is it your position again ---- No. I asked the same question. Because the judge found a substantial change in circumstances to warrant a reduction in the monthly payments, does that automatically translate into a reduction in the duration? That seems to be your argument. No. It doesn't automatically. Okay. What it does is it puts you back under 504A to look whether maintenance is still appropriate, which it was. Correct. The judge reduced it under 504B11A, which was appropriate. He didn't appeal that. But what he didn't do was apply 504B1B. When you go to the guidelines, under 504A, it tells you if it's still appropriate, you go to B1. B1.1 says if the gross income is below a certain amount, which we fell within, then you go to A and B. Under A, it's the guidelines to determine the amount. B tells you the guidelines to determine the length or duration. Yes. And that's where we were. We had already gotten to 504B1.1 telling us to apply the guidelines. Now, let me ask you this. We can go through the numbers here. You're going B1. I understand that. These are the statutory requirements to consider. But let's put it in the context of what the court actually did here, okay? The court reduced the monthly payments. The court did not reduce the duration because the court felt that the wife, ex-wife, still needed the support given the vast disparity in incomes and other factors. So tell us, without getting into specific sections, why that was wrong, why the court shouldn't have considered the disparity in these factors. Well, I think once you apply the guidelines and the court felt it needed to deviate from the guidelines, the burden to show entitlement to a deviation is not unburdened. The burden was, at that point, just as it would be under a modification of support under 505, the person seeking to deviate from the statutory guidelines has a burden of proving a basis for the deviation. In this case, there were a number of reasons expressed by Judge Smith for the deviations. One, the length of the marriage. If that was a basis for deviating, that length of the marriage is built into the guideline itself because that length of the marriage is what goes into calculating the length of the maintenance. So the first factor is built into the B-1-1-B guideline itself. Deviation was necessary because Sue was out of the workplace during the marriage in order to raise the children. Well, that's it. The court here specifically found, and I want you to tell me what's wrong with this, the court determined that the petitioner remained in need of indefinite maintenance based upon her poor health, lack of job skills, disparity in the income and assets of the parties. So without signing the section, that was the underlying rationale for the court denying the change in the duration. So were those factors wrong? Was the court wrong about those factual findings? Yes. Tell us why. The reason why, and without getting into the other six factors, that would be factor three and factor eight, I believe. The judge found that she had medical problems that prevented her from working, which actually conflicted with this finding that there had been no change in her circumstances as to her ability to work. Judge Yukon had found that her ability to work was limited because of her back problem. He never found that she wasn't able to work. Now Judge Smith is saying, well, he hasn't changed, so she's limited to work, we don't know how much. But now he's saying the medical problems prevent her from working. That contradicts the finding that it was gotten from Judge Yukon. So here's the problem. We have a trial in 2011. Excuse me. May I? Sure. Thanks. We have a trial in 2011 where there was no medical testimony. There was no medical evidence. We have basically testimony that Sue went to a doctor when she was working at Kemper Financial. I want to be fair to you. I don't think you need to. I'm asking these questions in general so you can give me your overall response. Okay. The issue is whether or not she had some health issues, and you can go into all these details, but it seems like that was not an erroneous characterization. She does have some health issues, correct? To the nature and extent that those health issues are an issue. Okay. Fair enough. What about the disparity in the income and the assets between the parties? What is your take on that? I don't think that the disparity is based on the disparities. The reduction in her assets from 2011 until 2007 was a hundred and some thousand dollars. That she was paying out to the children who were emancipated. The maintenance was going into an account held jointly with her daughter. That's where a hundred and some thousand dollars is lost. Okay. How long were the parties married? Fourteen years. Okay. Is there a disparity in income here, a substantial disparity in income between the parties? There is a disparity. But it wasn't the disparity in income. There's not a disparity in income between these parties? There is a disparity in income. The assets of the party, the loss in the assets, because basically she shouldn't have to live off her assets. She's got to eat up her assets. That's my reading of the trial court's decision. She testified of a loss from 2017 to 2019. Do you happen to know what your client's current income is? I believe it's $170,000. $186,000. Thank you. Thank you. And what's her income? Yeah, we don't know. Nothing in the record on her income? I think there was counsel whispered $60,000. And so, Judge, you kind of said, well, we should also attribute another $30,000. We should attribute another $30,000 for what she could be earning. But, again, in 2019, this testimony was my stocks have dropped $300,000 in the last two years. No records. No financial documents. No bank statements other than, well, I've lost $300,000. I'm down to one-five without a bank account statement because of the market. I don't think – I think she had a burden of showing that the court should deviate. And she didn't. And she did not. Mr. Bates, do you have something to add? I'm sorry. But the bottom line is your issue on appeal is that the trial judge put the burden on your client, the husband, to prove this deviation from – or that there's no deviation, rather than putting the burden of proof on her to prove that there was, in fact, a basis for deviation. Is that it in a nutshell? Correct. Okay. And because of – I don't think considering the evidence on these factors that if you had applied the correct burden, that the evidence would have supported a deviation. In your opinion, under the law, the person who has the – is seeking the modification of the remaining consideration doesn't have the burden? Initially, we have a burden to show a substantial change in circumstances. Then you apply 504A. She's still – it's still appropriate. Then you go to B-1, and it tells us either you fall within the B-1-1, A and B, or you go to B-1-2. We were within the B-1-1, A. And so then you apply A and B. And then so the court either made an error in ruling a law according to you or abused its discretion. Correct. All right, thank you. I have a question. And so the record is clear. You presented no evidence at all to support that the maintenance should be terminated. And you didn't present any because you didn't believe it was your burden. Is that correct? Correct. And the judge did rule, though, in looking at the Petitioner in this case, that she remained in need of the indefinite maintenance. And what the court based it on was her poor health, lack of job skills, and the disparity in income and the assets. Is that correct? That's what the judge ruled. Yes. And I don't believe that the act was supported by it. I don't believe she met her burden of showing those things with constant evidence. You will have a chance for a reply, though. Oh, sure. Thank you, Judge. Help yourself if you'd like some more water. All right, I've got it. You sure? Okay. Good morning, Your Honor. Mr. Bragg, may it please the Court. I'm Joel Oster on behalf of Sue Carstens. When this Court remanded this case, it was for Judge Smith to reassess the evidence that he had heard in 2017 and make a determination as to whether or not, under the factors of 504 and 510, that there should be a deviation from guidelines. In the first appeal, we specifically argued that the guidelines shouldn't apply to post-decree cases that would create a rebuttable presumption that somebody who had been married a certain length of time would suddenly lose their maintenance. And this Court said, no, we're not saying that. This is basically what it is, is a preponderance of the evidence case. And I do agree that the burden of proof remained on the petitioner. That's the threshold question. He seems to say that at some point the burden is supposed to shift. Husband proved a substantial change in circumstances, such as to warrant legitimately a reduction in the monthly payment. He's saying then the burden shifted to your client to prove she still needed maintenance. Do you agree with that? No, I don't, because I think that would say that now there's a rebuttable presumption that she shouldn't get maintenance anymore, and it's her burden of proof to establish that there's a reason to deviate. Have you seen, is there any case law citing that stands to that proposition that the burden shifts to her to prove she doesn't need maintenance? Not that I've seen. Okay. But I would also say this, that the bottom line result in this case, it wouldn't matter whose burden of proof it was, because Judge Smith did exactly what this Court asked him to do, which was to look at the 504 and 510 factors that apply to this case and then to decide whether or not a deviation from the guidelines was appropriate. And that's what he did. In terms of Ms. Carson's health, two judges heard her testify about her back, one in 2011, one in 2017. They both found her credible. Nothing's been pointed out here or in the trial court to overturn that finding, which this Court would seldomly do anyway. In addition, as Justice Bridges pointed out, she had no work history during the marriage. She has no education. She's also, and Judge Smith knew this, and Mr. Carson knew this when he entered into the original marital settlement agreement, she's facing minimal Social Security. She has no pension of her own. And essentially, Judge Smith's findings about the disparity in their financial resources, the disparity in their income, her health, are not contrary to the manifest way to the evidence. All right, so if I can try and follow up the essence of your argument. You're saying that under the law, the burden remains on the person who's seeking the modification. Yes. Overall, that's the burden. It doesn't shift then to her. But even if it did shift, although there's no law that seems to support that, there's sufficient evidence in the record to establish that she still needs it, even whether there was a burden shifting or not. Is that what you're saying? Correct. And the bottom line inquiry, of course, is does this person need maintenance in order to sustain the marital standard of living, and does the payor still have the ability to pay? Which the court found. That's right. And his ability to pay had gone down somewhat from 2011 to 2017, and so the court reduced the amount that he was supposed to pay. And as the court pointed out, he did not appeal whether or not he had the ability to pay, and he actually never presented any evidence of anything. And then you look at all the case law that says one of the basis for somebody to continue to receive maintenance is that the recipient should not have to invade their assets in order to support themselves. And here all you have to do is look at their request that she now give him back $178,000 that he's paid over, I think, the first three years of the new order. So either that's an admission essentially that her assets would have been depleted by another $178,000 if the maintenance had ended when he thought it should on the duration guidelines back in 2017. But right now her assets should be depleted by that amount of money, and they will continue to do so. There is no, as the court pointed out, Mr. Parsons presented no evidence. And he was even given the opportunity to do so with regard to her health over our objection. And then when they doctored that he was ordered to pay, issued a, and this is in the record, but he issued a letter. The letter said, I would like to do some more tests on her. And Mr. Parsons said, no, I don't want to pay for any more tests. I really don't want to get into this too much, but they filed a motion in Lemonade to prevent Ms. Carson from entering the judge's initial letter of evidence. And Judge Smith openly said, well, I don't have to rule on any of that because I'm finding there's enough evidence regarding her health anyway. But we would have appealed that ruling had he ruled against Ms. Carson's, but not let the doctor's letter in. And what I'm trying to say is they were given an opportunity to present some change of circumstance evidence with regard to Ms. Carson's health. They didn't do that. They didn't present any evidence that showed that she should be working, could be working, that she should have employment training. Her educational background is not good. She's now 63 years old. And if in that Judge Smith's decision was, I have enough factors here under 504 and 510 to say that the guidelines should be deviated from and make them should continue until. And, you know, indefinite doesn't mean it will continue forever. Counsel, let me ask you. So you don't believe 504B11B says that when there's a substantial change in the circumstances that warrants a reduction in the amount of the maintenance, that it inherently established that there's a substantial change with respect to the duration of the maintenance? Correct. I don't see any logic to that. That's what counsel has pointed out, that he believes. Well, that's his argument, but I don't see where that argument has been supported logically or by law. There is a difference between how long somebody needs to get paid and how much somebody can afford to pay. His maintenance was reduced. It was over $5,000 plus some percentage of his bonus. Now it's a little over $4,000 plus some percentage of his bonus. But that in and of itself doesn't say that she doesn't have a continuous need for maintenance, that he has no ability to pay maintenance. And that's the inquiry here. And as was pointed out during Mr. Drank's argument, the only basis for a reversal in a case like this is if Judge Smith abuses discretion, which means that no reasonable person would have found that under these facts, Ms. Carstens continues to need maintenance and Mr. Carstens continues to have the ability to pay it. And a conclusion like that is completely unwarranted. He does have the ability to pay. He admits he has the ability to pay. The findings by Judge Smith and the facts that led him to say that Ms. Carstens has a continued need for maintenance and that there is somewhere close to the marital standard of living, an opposite conclusion was not evident to the conclusions that he made. So his findings are contrary to the manifest light of the evidence, and he did not abuse his discretion. Thank you. Counsel, do you wish to reply? Yes, ma'am. Counsel, do you wish to reply? No. Maybe I'm being dead worse. Once, in fact, Judge Smith did look at the B1 and B factors. He said there would be a, she would be entitled to an X number of months, which comes out to about nine years of maintenance. That would terminate in 2010. Judge Ukin, of course, didn't have the factors to apply. But as far as the duration, once you determine that it should have lasted for a nine-year period, to deviate, are you deviating from a statutory guideline? It's no longer our burden. It's not our burden to show why she shouldn't have to, why you shouldn't deviate. And Your Honor said there's no law. But under 505, there's a substantial change in circumstances. If you're going to deviate under the statutory guidelines for setting support, Henry Mitter says the burden is on the person seeking the deviation. We're not the party seeking the deviation. Once you apply the amount and durational guidelines under B1-1, you have a reduced amount, as the judge found, and he applied that A factor in determining the amount. He applied the B factor in determining it's about nine years that it should have been. So what about his argument that even if you had authority that would support that argument, there's evidence in the record establishing her continuing need for maintenance? But the reasons given for continuing it was this health. I don't think she met her, if it's her burden of proof, subjective testimony that I've got a bad back, I've had a bad back, I don't work, I haven't worked, I've never looked for work, my back is so bad, and yet I've never even saw it. There's a whole plethora of cases where the credibility and the way to be given a testimony is up to the trial court. You're telling us, in your opinion, you don't think she has the health issues, but the judge believes she did. Let me put it a different way. Every person who's seeking to deviate from the durational guideline, all they have to do is make a claim of a subjective, oh, I've got a bad back, and sell the court on it without any medical proof, nothing to substantiate it, not even having gone to see a doctor to have it treated. Your case law that says they need corroboration for medical evidence? I believe there were some cases discussed about the need for medical evidence. If you make that leap, if you make it possible for anyone to claim a bad back to avoid the durational guidelines, it will nullify those guidelines. Yes, but is that all that's in the record? Your counsel just alluded to the disparity in assets, income, other things. It wasn't just about a bad back, was it? If you look at the specific reasons the judge you cannot deviate it, it says that his income has increased and hers has decreased. You couldn't determine how much because there was nothing in the record. It was her burden to show the amount of the increase and decrease, and the actual decrease that was shown was used to pay for the adult children, and the other was I lost money in the stock market, which I guess you could believe it. In two years, she lost $300,000. I don't know how the way the market's been, but I don't want to tell the market, but even the judge questioned her credibility without the documents with respect to what her loss was, and there was no documentation to support her position that she needed the support or needed a deviation. The burden was on her, just as if I'm trying to deviate from the guidelines for child support, the burden's on me, and I'm trying to deviate from the durational guidelines or the guidelines as far as the amount. The burden should be on me, and she failed to meet that burden with sufficient, confident evidence. Thank you, Justices. Thank you very much. All right, we will be in recess until 10.30.